PER CURIAM.
The State appeals from an order granting the appellee a new trial after a finding that the appellee was guilty of two charges of unlawful sale of central nervous system stimulants. Since the transcript of the testimony at the trial is not included in the record before us, we must rely upon the trial judge’s evaluation of that testimony. He found as follows:
* * * * * *
“(1) These consolidated cases had been previously called for trial in May 19X1, at which time the State of Florida requested a continuance of the trial on the ground that one of its witnesses was unavailable and that the State intended to have such witness available upon the next occasion of the calling of the cases for trial;
“(2) The State’s witness hereinabove referred to was an integral part of the transactions for which the Defendant was arrested and charged, and, therefore, said witness became potentially a defense witness available to the defense to testify as to the circumstances surrounding the arrest; and
“(3) Because of the State’s representations the defense did not attempt itself to procure the presence of the afore-described witness, inasmuch as the witness was not within the limits of Dade County and was incarcerated in another County, the State being therefore better able to obtain the presence of the witness than the defense; and
“(4) As a result of the State’s having failed ultimately to produce and use the aforedescribed witness at the trial of these causes, the defense was deprived of the opportunity of calling that witness as a defense witness and was thereby deprived of a fair trial.”
******
We affirm the order granting appellee a new trial because under the particular circumstances of this case there is nothing in the record to show that the trial court abused its discretion in determining that justice required a new trial. We *470 think, however, that it should be emphasized that there is a settled rule of law making it mandatory that the defendant subpoena the witnesses he expects to rely upon for his defense. This rule has been clearly set forth in Patrick v. State, Fla.App.1967, 203 So.2d 62. See also Parrish v. State, Fla.App.1963, 151 So.2d 68. We recognize the rule as stated and simply hold that there is not sufficient record before us to indicate that the trial judge erred in finding that this case constituted an exception to the general rule.
Affirmed.