405 So.2d 211 (1981)
Richard Oneal KRANTZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 79-1005.
District Court of Appeal of Florida, Third District.
October 13, 1981.
Rehearing Denied November 16, 1981.
*212 Bennett H. Brummer, Public Defender and James D. Keegan, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, NESBITT and BASKIN, JJ.
NESBITT, Judge.
The defendant challenges his conviction of an aggravated assault by the use of a metal pipe, committed upon one Earl Courteau; and the second degree murder of Charles Richard Bogart by stabbing with a knife.
Two issues are raised by this appeal. The defendant contends that, as a minimum, he is entitled to a new trial with respect to both counts because the trial court failed to compel the attendance of a material defense witness. Secondly, he contends that the adjudication of second degree murder should be reversed because the state destroyed the alleged murder weapon.
The defendant became involved in an altercation with the first victim who died of a knife wound to the stomach. A second victim was allegedly struck by the defendant with a pipe as he attempted to intercede in the quarrel. There were three witnesses to the incident; none saw the actual infliction of the stab wound although they did see the defendant strike a blow to the defendant's stomach. A two to three inch knife was seized by the police after the defendant's arrest. A laboratory analysis showed that the knife contained no blood. Later that knife was destroyed by police order and consequently was not available for introduction into evidence.
The murder victim's wife was subpoenaed as a defense witness. She appeared during the first day of trial but after that day she told defense counsel that she was committing herself to a hospital. The defense counsel's repeated requests that the court compel the attendance of this witness at trial were refused. The same witness had given a written statement prior to trial indicating that, shortly after and near the scene of the altercation, she observed the police officers pick up a larger, heavier knife with blood on it.
The defendant contends that this second knife was the murder weapon. In support of this position, he argues that a question was raised about the likelihood that the knife found on his person would have been able to penetrate the victim's sternum. Furthermore, defendant argues that the absence of blood on the alleged murder weapon and the presence of blood on the knife seen by the victim's wife support his position that the murder was committed by someone other than the defendant wielding this second knife. Absent the live testimony of this witness and the knife found on the defendant, the defense cannot exploit these possibilities.
The failure of the trial court to compel the attendance of the murder victim's wife necessarily mandates reversal of the defendant's conviction on both counts and minimally entitles him to a new trial with respect to the charge of aggravated assault.[1] The defendant has a constitutional right to compulsory process of witnesses to produce testimony which is admissible in the cause for which he is on trial. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); Green v. State, 377 So.2d 193 (Fla.3d DCA 1979), approved, 395 So.2d 532 (Fla. 1981).
With respect to the defendant's claim concerning the destruction of the alleged murder weapon, a balancing test is used in order to determine the sanction to be imposed for destruction of the alleged murder weapon. State v. Sobel, 363 So.2d 324 (Fla. 1978). The materiality of the evidence *213 as defined by United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976), as well as the prejudice to the defendant must be considered. It may be, in some cases, that dismissal is the appropriate result, while in others conviction of a lesser offense is mandated. See, State v. Herrera, 365 So.2d 399 (Fla.3d DCA 1978), cert. denied, 373 So.2d 459 (Fla. 1979). The burden is on the state to demonstrate the absence of prejudice and the materiality of the alleged murder weapon. State v. Sobel, supra.
Clearly, the testimony of the non-attending witness, with respect to the second knife, is integrally related to the alleged murder weapon, which was destroyed. Inasmuch as her deposition has not been taken, nor has her testimony been submitted to cross-examination, it remains to be seen what the full force and effect of her statement will be. Until such time, it would be difficult to assay the result of the balancing test.
Accordingly, the defendant's adjudications are both reversed and remanded with directions, and at a minimum, for a new trial with respect to the charge of aggravated assault.
NOTES
[1] The defendant was charged in Count I of the information with an aggravated battery. He was convicted of the lesser included offense of aggravated assault. It is well settled law that the conviction of a lesser included offense is an acquittal of the higher offense and therefore retrial for aggravated battery is prohibited under the principles of double jeopardy. Bradley v. State, 378 So.2d 870 (Fla.2d DCA 1979).