547 So.2d 288 (1989)
Paulette McNair BEACHUM, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1049.
District Court of Appeal of Florida, First District.
August 4, 1989.
Rehearing Denied August 29, 1989.
*289 Michael E. Allen, Public Defender, Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Chief Judge.
Appellant appeals the trial court's denial of her motion for continuance. We reverse and remand for new trial.
Four days prior to the scheduled trial date, defense counsel moved for issuance of a witness subpoena for one Pamela Williams, alleging that Williams was known to have information which might be relevant and necessary to the defense. The trial court granted the motion that day, directing the clerk of the court to issue a trial subpoena, and specifically finding Williams to be "necessary for the proper defense of the defendant." The witness was never served with the subpoena and, on the morning trial was to begin, appellant moved for a continuance, arguing that the case could not be properly presented without the witness's presence. The motion was denied, and appellant was tried and found guilty of battery on a law enforcement officer.
It is well settled that the granting or denial of a motion for continuance is within the trial court's discretion, and that the court's ruling will not be disturbed "unless a palpable abuse of discretion is demonstrated." Smith v. State, 525 So.2d 477, 479 (Fla. 1st DCA 1988). As this court stated in Smith, "[t]he common thread running through those cases in which a palpable abuse of discretion has been found, is that defense counsel must be afforded an adequate opportunity to investigate and prepare any applicable defense." Id. We are mindful of the point raised in appellee's brief that appellant had three months prior to trial to locate this witness, yet waited until four days before trial to move for issuance of a subpoena. Since the trial court specifically found that Williams was necessary to appellant's defense, however, we find that its failure to grant a continuance on the basis of Williams's absence constituted a palpable abuse of discretion. At the very least, the court should have conducted an inquiry into the circumstances surrounding the witness's absence, and given appellant the opportunity to demonstrate the subject matter of the witness's expected testimony. Absent such an inquiry, appellee's argument that Williams's testimony was merely cumulative is without merit.
Accordingly, we reverse and remand for new trial.
REVERSED and REMANDED.
ERVIN and JOANOS, JJ., concur.