561 So.2d 419 (1990)
Larry ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-402.
District Court of Appeal of Florida, First District.
May 14, 1990.
Michael E. Allen, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Acting Director, Criminal Appeals, Tallahassee, for appellee.
NIMMONS, Judge.
We reverse the defendant's conviction for sale of cocaine because the trial judge abused her discretion in denying the defendant's motion for continuance.
In October, 1988, an undercover officer, D.L. Wester, went into an area known for cocaine transactions. Officer Wester encountered Juanita Michaels who agreed to sell Wester some cocaine. Michaels proceeded to a nearby area ostensibly to obtain the cocaine. Michaels briefly conversed with the defendant who handed something to Michaels. Michaels then walked back to Wester and sold to Wester what proved to be cocaine. Wester and another nearby officer testified that they observed the transaction between Michaels and the defendant and that the item which the defendant handed to Michaels was the cocaine which was subsequently handed to Officer Wester by Michaels. Whereupon, *420 both Michaels and the defendant were arrested.[1]
The defendant denied that he gave Michaels any cocaine but said that he was merely changing a twenty dollar bill at her request. Before her release from incarceration on January 19, 1989, Juanita Michaels was interviewed by a Public Defender investigator in December. She told the investigator that she had not obtained the cocaine from the defendant but that the defendant had merely changed a twenty dollar bill at her request. She said that the defendant was not involved in the cocaine transaction at all. The Public Defender caused a subpoena to be served upon Michaels on December 29, returnable on January 23, 1989, the scheduled trial date.
A jury was selected on Monday, January 23, and the trial was scheduled to commence on January 26. On January 24, proceedings were held before the court in which defense counsel brought to the court's attention the fact that Juanita Michaels had failed to appear in response to her subpoena. Testimony was presented confirming that Michaels had been served with the subpoena. From the testimony presented, there were indications that Michaels might be deliberately evading the command of the subpoena. At the conclusion of the proceeding, the trial court issued a writ of attachment.
On January 26, prior to commencement of the trial,[2] defense counsel filed a motion for continuance. The motion recited that Michaels had not yet been found and that there were conflicting indications from various friends and relatives as to whether Michaels intended to appear for the defendant's trial. The motion further recited that "on January 25, 1989, the court received a telephone call from the Sheriff's Office seeking permission to enter the residence in which Ms. Michaels was last seen. However, Ms. Michaels managed to elude the police officer and is still at large." The trial judge announced that she was giving the defense 24 hours to secure the witness's presence and delayed commencement of the trial until the next day.
When the case was called up the next morning, the defense renewed its motion for continuance on the basis that there was need for additional time to secure the presence of Juanita Michaels. The state objected to the motion, asserting that "denial of continuance is abuse of discretion only if the witness is available and willing to testify. Obviously from the efforts [defense counsel] has been through this week to obtain Ms. Michaels, she's not willing to testify." The court denied the motion for continuance opining that it would not be an abuse of her discretion to do so.
At trial, the state's evidence was essentially as outlined earlier herein. The defendant took the witness stand and denied any involvement in the drug transaction and explained that he had simply accommodated Michaels' request to change a twenty dollar bill. No other defense witnesses were called. The jury found the defendant guilty as charged.
The trial court's determination of a motion for continuance is within the trial court's discretion and the court's ruling thereon will not be disturbed "unless a palpable abuse of discretion is demonstrated." Smith v. State, 525 So.2d 477, 479 (Fla. 1st DCA 1988). The facts of this case clearly show that appellant has met that heavy burden. Indeed, the appellant presents a more compelling case than that which was involved in the recent case of Beachum v. State, 547 So.2d 288 (Fla. 1st DCA 1989), wherein this court found an abuse of discretion in the denial of Beachum's motion for continuance.
This case is a far cry from the typical eleventh-hour motions for continuance *421 which are dumped on the trial courts with disturbing regularity wherein counsel urges that he has not had adequate time to prepare for trial, or has not "completed discovery," or has just learned of the existence of a new witness, etc.
In contrast, the defense in this case, through appropriate investigation, determined the existence of a crucial witness who directly corroborated the appellant's defense that he did not furnish the cocaine. Counsel took the necessary steps to have the witness subpoenaed well in advance of trial. When the witness failed to appear in response to the subpoena, the defense immediately advised the court of the violation of the command of the subpoena and sought the power of the court to enforce the court's process. The defense also presented sworn testimony demonstrating the subject matter of the witness's anticipated testimony  testimony which went to the very heart of the appellant's defense.[3] The court appropriately issued a writ of attachment.
What the trial court failed to do was to require the exhaustion of reasonable efforts to execute the writ of attachment in order to bring this apparently material witness before the court. We cannot agree with the speculative argument that the witness probably would not testify even if the subpoena were enforced. We, of course, do not mean to suggest that the defendant was entitled to an indefinite delay in his trial regardless of how long it might take to execute the writ of attachment. However, given the circumstances of this case, including the apparent critical nature of the witness's anticipated testimony, the defendant was entitled to more consideration than that which was given by the trial court.[4]
We have examined the remaining issues raised by the appellant and find them to be without merit.
REVERSED and REMANDED for new trial.
ZEHMER, J., concurs.
BOOTH, J., dissents with written opinion.
BOOTH, Judge, dissenting.
I must dissent, since appellant did not establish a basis for reversal of the trial court.
The rule is stated in United States v. O'Neill, 767 F.2d 780, 784 (11th Cir.1985):
[T]he district court's ruling on a motion for a continuance will be reversed only for abuse of discretion. [citation omitted] To prevail, the defendant must show prior due diligence to obtain the witness' presence, that substantially favorable testimony would have been forthcoming, that the witness was available and willing to testify and that the denial of the continuance caused material prejudice. [citation omitted]
The same requirements are stated in Florida cases, see, e.g., Goree v. State, 411 So.2d 1352, 1353 (Fla. 3d DCA 1982).
In the instant case, the record reflects that at least two of the four requirements of the O'Neill rule are missing. The witness had announced at least a week before trial and while in jail, that she would not honor a subpoena and would seek to evade it. Yet, defense counsel waited until she *422 failed to appear on the morning of jury selection before asking the trial court for assistance. Thus, there was a clear basis for determining that counsel had not exercised due diligence in obtaining the witness's presence.
The second missing requirement is that the witness is available and willing to testify. Appellant's evidence fails to establish this requirement and is, in fact, to the contrary. The evidence is that the witness was deliberately evading the subpoena and had indicated to various friends and relatives that she did not intend to appear for defendant's trial.
I would, therefore, affirm the judgment below.
NOTES
[1] It is not altogether clear from the record in this case, but it appears that the charge against Michaels was disposed of early on by plea of guilty. In any event, Michaels was incarcerated in a community correctional facility for a period of time until her release a week or so before the defendant's trial.
[2] The court did not administer the oath of jurors until later, immediately prior to preliminary jury instructions on January 27.
[3] We note that the appellant claims that if the witness's presence had been secured, he would probably have exercised his right not to testify in view of the state's anticipated elicitation of his two prior felony convictions. As a practical matter, the court's forcing the defendant to trial without such witness virtually eliminated the defendant's option of not testifying. As anticipated, the defendant's prior convictions were brought out and the court gave the applicable jury instruction on credibility of witnesses.
[4] United States v. O'Neill, 767 F.2d 780 (11th Cir.1985), and Goree v. State, 411 So.2d 1352 (Fla. 3rd DCA 1982), relied upon by Judge Booth in her dissenting opinion, are inapposite. Unlike the instant case, neither O'Neill nor Goree involved a situation where the defense had taken the appropriate steps in advance of trial to have the witness served with a subpoena. Judge Booth's interpretation of the case law in this area, were it to prevail, would be an open invitation to material witnesses to decide for themselves whether to appear and testify in response to the properly invoked process of the court.