PER CURIAM.
We deny the Petition for Writ of Prohibition, but we write to express our concern about a statement made by the trial court that “I do not do telephone appearances.”
Rule 2.071(c), Florida Rule of Judicial Administration, provides as follows:
*363 Use Only by Requesting Party. A county or circuit court judge may, upon the written request of a party upon reasonable notice to all other parties, permit a requesting party to participate through communication equipment in a scheduled motion hearing; however, any such request (except in criminal, delinquency, and appellate proceedings) must be granted, absent a showing of good cause to deny the same, where the hearing is set for not longer than 15 minutes, (emphasis added).
A blanket rule by the trial court not to do telephone appearances would be a violation of this rule. Petitioner, however, never made a written request to appear tele-phonically.[1] Thus, no violation occurred in this case. Nor would a violation of the rule necessarily require the disqualification of the trial judge.[2]
We therefore deny the petition.

. Petitioner's counsel claims that no written request was made because he had no notice of the hearing. The Motion to Disqualify Judge does not allege that and the limited record before us does not establish whether or not that is correct.

. Although we are denying relief because the motion for disqualification was legally insufficient, given everything that has transpired in this case, we suggest that the trial court may wish to recuse itself on its own and let another judge handle this case.