867 So.2d 1208 (2004)
Henry SIMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-1181.
District Court of Appeal of Florida, Third District.
March 10, 2004.
*1209 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo (Ft. Lauderdale), Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., COPE and SHEVIN, JJ.
SHEVIN, J.
Henry Sims appeals his conviction and sentence for possession of cocaine. We reverse.
The charges against defendant stemmed from an allegation that defendant dropped a baggie of cocaine while being questioned by two police officers. At trial, one of the officers had no knowledge whether defendant dropped the baggie; the other officer did not recall the exchange at his earlier deposition, and testified based on his arrest report. Defendant was only one of several persons in the area that evening.
Defendant asserts that the conviction must be reversed because the trial court erred in denying defense requests to issue a writ of bodily attachment for a witness the defense had subpoenaed. On the first day of trial, the state requested that the court begin jury selection the following day, so the state could depose the defendant's witness, James Hale. The witness was in court on that first day and was directed to be present for deposition in the prosecutor's office at 2:00 PM. The defense proffered that the witness would testify that he was with defendant on the night of the arrest and that defendant did not possess drugs.
The following day, the prosecutor reported that the witness did not appear for the deposition. The prosecutor was informed that the witness had a family death or emergency and could not be present. The prosecutor wanted to postpone jury selection pending the deposition. The defense had subpoenaed the witness again the night before. The defense requested a continuance to secure the witness's presence. The court requested the return of service to issue a writ of bodily attachment. Defense counsel had faxed the subpoena and did not receive a return. The witness, however was still under the previous subpoena. The court did not issue the bodily attachment writ.
On the third day, the witness did not appear. Service was again attempted the previous evening, with no success. The defendant informed his attorney he wanted to go ahead with the trial without the witness. Defense counsel stated for the record that this was against his advice. Trial began without the witness's presence. The following day, defense again requested that the court issue bodily attachment writ to secure the witness's presence. The court refused because the defendant wanted to go to trial without the witness. Defense *1210 counsel produced the subpoena for the record, and renewed his objection to proceeding without the witness. The jury convicted the defendant as charged.
On appeal, defendant correctly argues that the trial court lacked discretion to deny the request that the bodily attachment writ issue to procure the witness's presence. The defense witness in the case had been properly subpoenaed, and had appeared the first day. However, the witness left abruptly before being called, and before completion of the proceedings. "A witness summoned ... in a criminal case shall remain in attendance until excused by the court." § 914.03, Fla. Stat. (2003). The witness violated the subpoena by departing. Therefore, the "defendant has a constitutional right to compulsory process of witnesses to produce testimony which is admissible in the cause for which he is on trial." Krantz v. State, 405 So.2d 211, 212 (Fla. 3d DCA 1981). This constitutional protection exists "because of the fundamental unfairness which results from placing a man on trial on a criminal charge and denying him the means to compel the attendance of witnesses, within the jurisdiction of the court, who are in possession of material facts which show or tend to show his innocence of the charge." Trafficante v. State, 92 So.2d 811, 815 (Fla.1957). The "trial court has no more authority to refuse to enforce for a defendant's benefit the production of the evidence available to be procured and for which compulsory process has been issued than to deny the process itself in the first instance." Green v. State, 377 So.2d 193, 202 (Fla. 3d DCA 1979)(citing Brown v. Dewell, 123 Fla. 785, 167 So. 687 (1936)), approved, 395 So.2d 532 (Fla.1981).
This is not a case where overwhelming evidence supported the defendant's conviction, as the entire case rested on the testimony of one officer, who had no recollection of the incident. The second officer had no recollection, and there were several persons in the direct vicinity of the incident. Thus, we cannot conclude that refusing to enforce the subpoena was harmless beyond a reasonable doubt. Compare Carter v. State, 410 So.2d 552 (Fla. 3d DCA 1982).
We are not persuaded that defense counsel waived the right to have the subpoena enforced. The trial transcript demonstrates that the court would not grant any further continuance to secure the presence of the witness, and the defendant himself, against the advice of counsel, stated that he would like to go on with the trial. However, defendant's decision is not a meaningful choice, or a waiver of the right to compel the presence of the witness, as the court had already determined that the trial would begin and no further continuances would be granted. Additionally, when a defendant is represented by counsel, the "acts of an attorney on behalf of a client will be binding on the client even though done without consulting him and even against the client's wishes." State v. Abrams, 350 So.2d 1104, 1105 (Fla. 4th DCA 1977); State v. Kruger, 615 So.2d 757 (Fla. 4th DCA 1993). Counsel preserved his objection to the court's failure to issue the bodily attachment writ at every appropriate opportunity.
Based on the foregoing, we reverse the conviction and remand for a new trial.
Reversed and remanded.