RAMIREZ, J.
D.F. appeals the trial court’s April 21, 2003 final judgment for termination of the parental rights to her three children. We find that the trial court abused its discretion when it denied D.F.’s counsel’s repeated requests for a continuance of the final adjudicatory hearing and therefore reverse.
In April of 1997, the appellee Florida Department of Children and Family Services adjudicated D.F.’s three children dependent. After being reunited with her children and returned to State custody several times, on July 28, 2001, pick-up orders issued for the children based upon D.F.’s arrest and the department’s inability to locate the children. The department eventually located the children and determined that D.F. was incarcerated in Ala-chua County, Florida.
In January of 2002, the department filed a Termination of Parental Rights Petition on the grounds of abandonment, and it reported that D.F. was incarcerated. In May of 2002, the trial court granted the *734 defense a continuance to August 5, 2002. On that same day, the court terminated the father’s parental rights by default. D.F. was thereafter reported to be in federal custody. Her location was unknown.
In September of 2002, the trial court granted the defense a second continuance. The trial commenced on October 8j and continued on October 9, 2002 and November 18, 2002. D.F.’s location in federal custody remained unknown during the first two days of trial during which defense counsel moved for another continuance. The trial court t denied the motion and agreed to allow D.F. to appear telephoni-cally. D.F.’s counsel eventually located D.F. on November 18, the day of the final adjudicatory hearing, and moved for a continuance. Defense counsel proffered that he had witnesses and relevant evidence to present at trial, and he expressed his need for more time within which to prepare D.F.’s case for trial. The trial court again denied the motion. Defense counsel then communicated with D.F. telephonieally for a period of twenty minutes prior to the presentation of D.F.’s case on the last day of the final adjudicatory hearing. The trial court thereafter entered its order terminating D.F.’s parental rights.' '
We sympathize with the trial court’s frustration with all the delays occasioned by D.F.’s incarceration and the apparent lack of cooperation by the federal authorities, but we conclude that the denial of defense counsel’s motions to continue on the last day of the trial mandate reversal. We are mindful that it is well within the trial court’s discretion to determine whether it should grant a request for continuance. See Bouie v. State, 559 So.2d 1113, 1114 (Fla.1990). This determination will not be disturbed unless justice requires. Id. See also Beachum v. State, 547 So.2d 288, 289 (Fla. 1st DCA 1989). It is- quite common, however, to grant a continuance before or during a hearing for good cause shown by any party. See e.g. Fla. R. Juv. P. 8.255(f).
The trial court had a number of options at its disposal to ensure that D.F.’s due process rights w;ere not violated. The trial court could have allowed D.F. to testify telephonieally, after a reasonable amount of time to confer with counsel, see C.W. v. Dep’t of Children & Families, 843 So.2d 362 (Fla. 3d DCA 2003)(permitting a telephone appearance) and M.R.L. v. Dep’t of Children & Families, 835 So.2d 1261, 1262 (Fla. 1st DCA 2003)(allowing the prisoner to appear telephonieally). The trial court could have permitted a reasonable period of time for D.F. to present her own witnesses. See § 39.013(10), Fla. Stat. (2002)(allowing for reasonable periods of delay that result from a continuance granted at the party’s request).
The trial court’s decision to deny defense counsel’s motions to continue in effect denied D.F. due process. At the time in which the trial court denied defense counsel’s motion on the final day of the final adjudicatory hearing, D.F.’s location had already been determined. The trial court did not allow for arrangements for D.F. to appear telephonieally. The court then only permitted defense counsel to confer with D.F. for an unreasonably short period of time given the circumstances. We reject the department’s argument that defense counsel had been provided with reasonable access to D.F. in light of the time constraints (twenty minutes on the last day of the trial).
This is not a case in which the parent neglected any court proceeding upon which the entry of default would have been proper. See § 39.801(3)(d), Fla. Stat. (2002)(stating that failure of a parent to personally appear' at the adjudicatory hearing constitutes consent for the termination of parental rights). See also J.B. v. Dep’t. of Children & Family Servs., 768 *735 So.2d 1060, 1064-65 (Fla.2000)(discussing the statutory scheme which permits termination of parental rights based upon a parent’s neglect of the proceedings); J.T. v. Dep’t. of Children & Families, 800 So.2d 692, 693-94 (Fla. 5th DCA 2001)(upholding the termination of parental rights where the parents failed to appear at the termination hearing and counsel did not offer any grounds for the parents’ non-appearance). Nor is this a case where there was any need for expediency as there was no pending adoption. The status of the children’s custody or future would not have been affected by a short delay.
This is a case in which the parent’s failure to appear in court was due to incarceration. The court simply did not give D.F. a meaningful opportunity to appear and respond to the charges. The record is devoid of any evidence that reflects that D.F. had an unwillingness to appear at her trial. D.F. had also reunited with her children on at least two occasions and had custody of the children at the time of her arrest.
The trial court thus erred by denying defense counsel’s motions to continue. Although we find troublesome the difficulties encountered in locating a federal prisoner,[1] we cannot allow this to trump the fundamental rights that are at stake in proceedings to terminate parental rights. We therefore reverse the final judgment of termination of parental rights of D.F.
Reversed.

. If this is a recurring problem, as suggested by the department, perhaps a better procedure can be devised between the department and the federal authorities.