873 So.2d 1289 (2004)
Robert Leroy SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-4416.
District Court of Appeal of Florida, First District.
June 7, 2004.
Nancy A. Daniels, Public Defender and Nancy L. Showalter, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General and Charlie McCoy, Senior Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Robert Leroy Smith appeals his convictions and sentences for robbery with a firearm, aggravated battery with a firearm, burglary of an occupied conveyance committing an assault or battery and armed with a firearm, grand theft auto and felony driving while license suspended or revoked, all relating to a criminal episode that occurred in Gainesville, Florida on February 21, 2002. The State concedes that the trial court erred in reclassifying appellant's aggravated battery conviction to a first degree felony under section 775.087(1)(b), Florida Statutes (2001), and imposing a thirty-year sentence. Cargle v. State, 829 So.2d 366, 367 (Fla. 1st DCA 2002). Further, we find that the trial court erred by denying appellant's motion to continue the trial in order to secure the *1290 presence of two alibi witnesses. Appellant has shown that he exercised due diligence in attempting to serve these two witnesses; that these witnesses could allegedly supply alibi testimony that he was in Tallahassee the evening the offenses herein were committed; that, although the witnesses were avoiding service of a subpoena at the time of trial, on one occasion the witnesses had appeared in court and were willing to testify; and that, though there was eyewitness testimony against appellant, if these witnesses testified as expected, it would have necessitated the jury weighing whether the state's witnesses were mistaken in their identification. See Robinson v. State, 561 So.2d 419 (Fla. 1st DCA 1990); Beachum v. State, 547 So.2d 288 (Fla. 1st DCA 1989), see also Geralds v. State, 674 So.2d 96, 99 (Fla.1996)(setting forth four-part test to be employed in judging whether there has been palpable abuse of discretion in denying motion for continuance).
REVERSED and REMANDED for a new trial.
DAVIS, VAN NORTWICK and HAWKES, JJ., concur.