914 So.2d 1004 (2005)
Rayon DAVENPORT, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1541.
District Court of Appeal of Florida, Third District.
November 2, 2005.
Rehearing Denied November 30, 2005.
Bennett H. Brummer, Public Defender and Shannon P. McKenna, Assistant Public Defender, for appellant.
Charles J. Christ, Jr., Attorney General, and John D. Barker, Assistant Attorney General, for appellee.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
RAMIREZ, J.
Rayon Davenport appeals his judgment of conviction and sentence underlying which is the trial court's denial of his motion to continue trial. Because Davenport failed to exercise due diligence to ensure the presence of a subpoena witness at trial and preserve for appellate review the issue of whether the trial court erroneously excluded witness testimony about the victim's violent character, we affirm.
Defense counsel served a potential witness with a subpoena to appear at the *1005 start of trial. On the third day of trial, defense counsel informed the court that the witness had yet to appear. The court then issued a writ of bodily attachment and continued the trial until the next day. The witness did not appear for the additional two days of the five-day trial.
We find no abuse of discretion in the trial court's denial of the motion to continue. To prevail on a motion for continuance, prior due diligence to obtain a witness' testimony must be shown. See Geralds v. State, 674 So.2d 96, 99 (Fla. 1996). We distinguish Robinson v. State, 561 So.2d 419 (Fla. 1st DCA 1990), where defense counsel immediately moved for a continuance prior to the commencement of trial when he learned that a witness failed to appear in response to a subpoena. Here, defense counsel's subpoena required the witness to appear before the start of jury selection. The witness' failure to appear was thus known prior to trial. Yet counsel did not raise the issue until the third day of trial.
Davenport also asserts that the trial court erred in excluding reputation testimony regarding the victim's violent character. After the victim's mother had testified that her son had a reputation for "playing around," defense counsel sought to question her about his reputation for violence. The trial court sustained the objection as beyond the scope. Although this ruling was in error, defense counsel did not preserve the issue for appellate review because he never sought to proffer what the witness' testimony would have been. Unless Davenport can show that the witness would have acknowledged that the victim had a reputation for violence, we cannot see how the error was harmful.
Affirmed.