943 So.2d 1001 (2006)
Marco OSTOLAZA, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-5245.
District Court of Appeal of Florida, Second District.
December 13, 2006.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Marco Antonio Ostolaza argues that the trial court erred by denying a motion to continue his jury trial when his sole defense witness failed to appear despite being *1003 subpoenaed for trial. We agree and reverse.
Ostolaza was charged with burglary of a dwelling, which is defined as entering or remaining in a dwelling "with the intent to commit an offense therein." § 810.02(1)(a), Fla. Stat. (2004). Ostolaza contended that he entered the dwelling with a friend who said that it was his house and that he had no intention of committing an offense. The friend, Luis Rivera, was subpoenaed as a defense witness for trial, and defense counsel announced at the beginning of trial that he was expecting Rivera's appearance in the afternoon. After the State rested, defense counsel advised the court that he had learned that Rivera was refusing to come. Defense counsel asked for a continuance and the court's assistance in compelling Rivera's presence, explaining that this witness was the heart of Ostolaza's defense. The court allowed defense counsel an opportunity to secure the witness or research alternatives during the hour-and-a-half lunch recess.
After lunch and without Rivera's presence, defense counsel requested a continuance and asked the court to issue a writ of bodily attachment to compel Rivera's attendance. He argued that his client had a Sixth Amendment right to the compulsory attendance of witnesses and to judicial enforcement of that right. See Sims v. State, 867 So.2d 1208 (Fla. 3d DCA 2004) (reversing based on trial court's failure to issue writ of bodily attachment to procure presence of witness). The court refused. Ostolaza testified as the only defense witness, and he was subsequently convicted as charged.
To warrant a continuance under these circumstances, Ostolaza was required to show: "(1) prior due diligence to obtain the witness's presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance caused material prejudice." Geralds v. State, 674 So.2d 96, 99 (Fla.1996). The court's decision is reviewed for an abuse of discretion. Id.
The State conceded, and the trial court found, that there had been due diligence to obtain Rivera's presence. The other three factors were disputed. To demonstrate that Rivera would give substantially favorable testimony, defense counsel referred to Rivera's deposition testimony. According to Rivera, he and Ostolaza were inebriated on the evening in question. He brought Ostolaza to what he mistook for his own house and attempted to enter it so that they could sleep off their conditions. The State pointed out that Rivera had pleaded guilty to a burglary charge arising out of the same episode. But defense counsel noted, and we agree, that Rivera's plea was a subject for cross-examination, given the many reasons other than guilt that may motivate defendants to resolve cases. Clearly, the defense demonstrated that Rivera would have given favorable testimony.
We also conclude that Ostolaza suffered material prejudice when the court refused to grant the continuance. Rivera's testimony went to the heart of the defense. See Robinson v. State, 561 So.2d 419, 421 n. 3 (Fla. 1st DCA 1990) (noting that court's denial of continuance to allow defense to obtain witness who failed to honor subpoena "virtually eliminated the defendant's option of not testifying").
To demonstrate that Rivera was available and willing to testify, defense counsel recounted that Rivera had agreed to testify and had made arrangements with defense counsel to be picked up. But when the time came, "he started giving . . . a lot of reasons: He is working; he is *1004 dirty; his boss is going to fire him. Those kinds of reasons." Other than Rivera's failure to honor the subpoena, nothing in the record shows that he was either unavailable or unwilling to testify. Cf. Smith v. State, 873 So.2d 1289 (Fla. 1st DCA 2004) (finding abuse of discretion in trial court's denial of continuance and noting "that, although the witnesses were avoiding service of a subpoena at the time of trial, on one occasion the witnesses had appeared in court and were willing to testify").
Given the importance of this witness's testimony, and the fundamental nature of a criminal defendant's right to the compulsory attendance of witnesses, we conclude that the trial court abused its discretion by not granting at least a short continuance in this case. Accordingly, we reverse and remand for a new trial.
Reversed and remanded.
WHATLEY and SILBERMAN, JJ., Concur.