989 So.2d 699 (2008)
Benjamin WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3609.
District Court of Appeal of Florida, Fourth District.
August 20, 2008.
Rehearing Denied September 24, 2008.
Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of aggravated assault with a firearm and carrying a concealed weapon, a knife, during the commission of a felony. He argues that the trial court erred in denying his request for a writ of bodily attachment for a witness who did not respond to a subpoena issued by the state. We affirm.
Three juveniles, a fifteen-year-old, a sixteen-year-old, and the thirteen-year-old victim, were acquainted with appellant, a martial arts instructor who had arrived to help prepare the two older boys and some others for an upcoming martial arts tournament. The victim, who had threatened appellant previously, had some words with appellant, and appellant pulled out a gun. The gun was not discharged, and what happened after that was in dispute, but we find sufficient evidence to support the concealed weapon (knife) conviction.
The primary issue raised by appellant involves the sixteen-year-old witness who, although not subpoenaed by appellant, had been subpoenaed by the state to appear at trial. He did not show up and appellant, after the state had closed its case, asked the court for time to find him or for the court to issue a writ of bodily attachment. The court denied the motion for a writ after the court was informed by appellant that someone at the witness' home had advised that the witness was not there and that his whereabouts were unknown. The court was also advised that the witness *700 had told a friend that he was "out west attempting to get a bus to come here and testify." The court also indicated its reluctance to issue the writ of attachment because the witness was a juvenile. The process server had not been able to locate the witness at his parents' home on several occasions, but had posted service under section 48.031(3)(b), Florida Statute.
Appellant then took the stand and testified that the victim had threatened him in the past and had stated that if appellant came to his neighborhood, the victim would see to it that he was shot. He also testified that this animosity resulted from the fact that appellant had previously asked the victim not to come to his classes because he distracted the other students. Appellant had a gun with him because of prior threats made by the victim and acknowledged waving the gun near the victim.
After appellant testified, his counsel informed the court that he was getting no answer to telephone calls to the witness' house and again asked for a continuance in order to get the witness to court, to no avail. He proffered that the witness would testify that the victim had previously threatened to shoot appellant and that the victim had a reputation for violence and being untruthful. After appellant was convicted he moved for a new trial, attaching an affidavit by the witness to the effect that he had intended to be in court to testify, but that the bus did not come to pick him up. The court denied the motion for a new trial and appellant argues that the denial of a continuance and the refusal to issue a writ of attachment were an abuse of discretion.
Appellant relies on Sims v. State, 867 So.2d 1208 (Fla. 3d DCA 2004), in which the court found that a refusal to grant the defendant's request for a writ of attachment was error, but the case is distinguishable in that it was the defense that had subpoenaed the witness, not, as in this case, the state.
Appellant also cites section 914.03, Florida Statutes (2007), which provides:
A witness summoned by a grand jury or in a criminal case shall remain in attendance until excused by the court. A witness who departs without permission of the court shall be in criminal contempt of court. A witness shall attend each succeeding term of court until the case is terminated.
Rule 3.361(d) also provides that a subpoenaed witness "shall appear and remain in attendance until excused by the court or by all parties." This statute and rule are not determinative, because they both contemplate the release of a witness who has shown up.
The state makes the point, with which we agree, that generally speaking, a party should subpoena the witnesses the party intends to rely on. State v. Haynes, 463 So.2d 1248 (Fla. 5th DCA 1985); State v. Levine, 258 So.2d 468 (Fla. 3d DCA 1972); and Coplan Pipe & Supply Co. v. Ben-Frieda Corp., 256 So.2d 218 (Fla. 3d DCA 1972). In Smith v. State, 762 So.2d 929, 931 (Fla. 4th DCA 2000), this court stated that, in order for defendant to prevail on a motion for continuance because of the absence of a witness, the defendant must show
(1) prior due diligence to obtain the witness' presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance caused material prejudice. Geralds [v. State], 674 So.2d [96] at 99 [(Fla.1996)] (citing United States v. O'Neill, 767 F.2d 780, 784 (11th Cir.1985); see also Robinson v. State, 561 So.2d 419, 421 (Fla. 1st *701 DCA 1990); Goree v. State, 411 So.2d 1352, 1353 (Fla. 3d DCA 1982)).
We conclude that in light of the failure of the appellant to subpoena the witness, and the inability to locate the witness during the trial, there was no abuse of discretion in the denial of a motion for continuance or in the refusal to issue a writ of bodily attachment. Affirmed.
SHAHOOD, C.J., and DAMOORGIAN, J., concur.