CIKLIN, J.
Carlton Lee Jones appeals his sentence, imposed after he pleaded no contest to fleeing or eluding a police officer, resisting an officer without violence, and driving with a suspended license. He argues that the trial court erred in refusing to continue his sentencing hearing after his witnesses failed to attend the hearing. Because Jones did not satisfy the “four-part test” to determine if the trial court palpably abused its discretion in denying a continuance based on witnesses’ absence, we affirm.
On February 20, 2012, Jones entered an open plea of no contest to the three charges. The court accepted this plea but did not sentence Jones at that time. On February 21, 2012, the state filed a notice of intent to seek enhanced penalties vis-a-vis a habitual felony offender designation. Jones then filed a motion to discharge his appointed counsel and withdraw his plea, arguing that his public defender had misled or coerced him into entering his plea. The trial court issued a written order discharging the public defender and appointing an attorney from the Office of Criminal Conflict and Civil Regional Counsel.
On May 21, 2012, the trial court held a sentencing hearing at which time the court intended to hear Jones’s motion to withdraw his plea. At the start of the hearing, however, Jones acknowledged that he was withdrawing the motion to withdraw his plea. Defense counsel informed the court that “[w]e have a couple witnesses who I was hoping were going to be here today, but I don’t see them and I don’t think that they’re going to arrive.” The three witnesses were to be Jones’s girlfriend, Jones’s pastor, and the foster parent of Jones’s children. Defense counsel requested a continuance of the sentencing hearing to be able to procure these witnesses. When asked about Jones’s girlfriend, defense counsel said, “She said she would be here. I wouldn’t characterize her as cooperative.” Defense counsel acknowledged he had not spoken with Jones’s pastor and did not indicate whether he had spoken to the foster parent.
The trial court denied the continuance, stating that it was not necessary “for people who were contacted and told and who don’t show up.” Jones told the court that he was not prepared to proceed with sentencing because he believed that he was going to seek to withdraw his plea at the hearing but changed his mind at the urging of his attorney.[1] The trial court asked defense counsel if he had prepared for sentencing in the event that the motion to withdraw plea “didn’t go through.” Defense counsel responded, “I would prefer to have the witnesses here. I don’t know if they were in a state of confusion as to what was going to happen today or not.” *919 The court declined to continue the matter and sentenced Jones to five years in prison for the fleeing or eluding a police officer felony conviction, and time served for the two remaining misdemeanors.
Claiming that the trial court erred in denying his request to continue the sentencing hearing, Jones appeals.
We review a trial court’s ruling on a motion for continuance for a “palpable abuse of ... judicial discretion that clearly and affirmatively appears in the record.” Ramos v. State, 75 So.3d 1277, 1280 (Fla. 4th DCA 2011) (citation and quotation marks omitted). The Florida Supreme Court has enunciated a four-part test:
To prevail on a motion for continuance based on the absence of a witness, the defendant must show: (1) prior due diligence to obtain the witness’s presence; (2) substantially favorable testimony would have been forthcoming; (3) the witness was available and willing to testify; and (4) the denial of the continuance caused material prejudice.
Mosley v. State, 46 So.3d 510, 525 (Fla.2009) (citations omitted).
The record simply does not indicate that Jones showed due diligence in obtaining the witnesses’ presence. We have warned that “a party should subpoena the witnesses the party intends to rely on.” Watson v. State, 989 So.2d 699, 700 (Fla. 4th DCA 2008) (citations omitted). The record does not indicate that any of the defense witnesses were subpoenaed.
No attempt was made to indicate or proffer the nature of the anticipated testimony of any of the three defense witnesses. To this point, the only statement defense counsel made was that he would not characterize Jones’s girlfriend as “cooperative.” This does not support a finding that her forthcoming testimony would have been “substantially favorable.” Further, we cannot glean from the record whether any of the defense witnesses were “available and willing to testify.”
Our conclusion is unaffected by Florida Rule of Criminal Procedure 3.720(b), which states that at a sentencing hearing the trial court “shall entertain submissions and evidence by the parties that are relevant to the sentence.” Fla. R. Crim. P. 3.720(b). This rule requires only that “a defendant be given an opportunity to present matters in mitigation.” Miller v. State, 435 So.2d 258, 261 (Fla. 3d DCA 1983) (citing Cheatham v. State, 346 So.2d 1218 (Fla. 3d DCA 1977)). The trial court provided Jones an opportunity to present matters in mitigation at his sentencing hearing. That Jones did not capitalize on that opportunity does not mean that rule 3.720(b) was violated.

Affirmed.

WARNER and GROSS, JJ., concur.

. After Jones entered his plea, the state submitted a Notice of Intent to Seek Enhanced Penalties as a habitual felony offender, which was untimely. See Akers v. State, 890 So.2d 1257, 1259 (Fla. 5th DCA 2005) ("In order to impose a sentence as a habitual felony offender ... the defendant must be served with the notice a sufficient time prior to the plea, and the trial court must confirm that the defendant is personally aware of the consequences of such a sentence when the plea is actually entered.” (citations omitted)). Defense counsel thus advised Jones not to withdraw his plea and explained his reasoning to the trial court:
The reason is if he continues in his present status set for sentencing, he cannot be sentenced as a habitual offender. If he withdraws his plea, he can be sentenced as a habitual offender, so I don’t really want to bring that into play. I don’t know what Mr. Jones's feeling is on that, but I’m never going to advise him to withdraw his plea.