# Third District Court of Appeal

**State of Florida**

Opinion filed July 12, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-268
Lower Tribunal Nos. 94-41184 E; 00-12212

_____

**Orenthal Green,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Keri T. Joseph, Assistant Attorney General, for appellee.

Before ROTHENBERG, C.J., and SUAREZ and SCALES, JJ.

ROTHENBERG, C.J.

Orenthal Green ("the defendant") appeals the trial court's entry of an order revoking probation and sentencing him to life in prison based on unpreserved alleged errors during sentencing. Because we find that the defendant has failed to demonstrate fundamental error in the trial court's imposition of life sentences for violating his probation, we affirm.

## BACKGROUND

In 1994, the defendant was charged with and later adjudicated guilty of kidnapping and sexual battery (case no. F94-041184E), and he was sentenced to five years in prison, followed by three years of probation. In 2001, the defendant was charged with violating his probation. The affidavit of violation of probation included, among other violations, the defendant's arrest for robbery with a knife, attempted robbery with a firearm, and grand theft auto. The defendant pled guilty to the violations alleged and to the substantive charges of armed robbery with a knife charged in case no. F00-12212, and grand theft of a vehicle charged in case no. F00-12262. The defendant was sentenced as a habitual violent felony offender to fifteen years in prison, followed by ten years of probation in case no. F94-041184E; fifteen years in prison followed by ten years of probation in case no. F00-12212; and ten years in prison in case no. F00-12262. All sentences were ordered to run concurrently.

In 2015, another affidavit of violation of probation was filed, alleging that the defendant violated the conditions of his probation by testing positive for cocaine and by failing to report to his probation officer. After a hearing, the trial court found that the defendant willfully and substantially violated his probation. Before sentencing, the defendant moved for a continuance so that his mother could be present for sentencing. After denying the defendant's motion for a continuance, the trial court heard testimony regarding the defendant's criminal history, including his prior probation violations. The trial court noted the victim's injury in case no. F94-041184E, the concurrent sentences relating to the robbery with a knife and the grand theft auto, and that the defendant took out a small hand gun and attempted to commit a robbery at a restaurant. Before the trial court pronounced the sentences, the defendant spoke on his own behalf. Thereafter, the trial court revoked the defendant's probation and sentenced the defendant to life in prison in case no. F94-041184E and life in prison in case no. F00-12212, with the sentences running concurrently. The defendant timely appealed.

## ANALYSIS

### 1. The defendant's motion for a continuance

The defendant contends that the trial court erred by refusing to grant a continuance of the sentencing hearing so that the defendant's mother could testify. See Jones v. State, 125 So. 3d 917, 919 (Fla. 4th DCA 2013) (holding that a

3

court's denial of a motion for continuance is reviewed for an abuse of discretion). However, our review of the record does not indicate that the defendant asked the trial court to continue the sentencing hearing to allow his mother to testify. Rather, the record before this Court reflects that the defendant merely asked the trial court to continue the hearing to allow his mother to be present for the sentencing hearing. As the defendant never informed the trial court that he wanted his mother to be a witness at the sentencing hearing, this issue was not preserved for appellate review. Farina v. State, 937 So. 2d 612, 628-29 (Fla. 2006) (stating that to preserve an issue for appellate review, the defendant must: (1) make a timely, contemporaneous objection; (2) state the legal ground for that objection; and (3) raise the same specific legal ground on appeal that was asserted as the legal ground for the objection below).

Even if this alleged error had been properly preserved, we would find no abuse of discretion. Florida Rule of Criminal Procedure 3.720(b) merely requires that the defendant be afforded "the opportunity to present matters in mitigation of sentence." Cheatham v. State, 346 So. 2d 1218, 1218 (Fla. 3d DCA 1977) (stating that "the court is not compelled under the rules to grant defendant a continuance prior to sentencing upon his motion therefor"); see also Jones, 125 So. 3d at 919. As the defendant was given an opportunity to present mitigation evidence and has

4

not identified any prejudice resulting from the trial court's denial of his motion for a continuance, we find no reversible error.

## 2. **The trial court's alleged reliance on uncharged offenses**

Next, the defendant contends that his constitutional rights were violated during the sentencing hearing when the trial court mentioned (1) injuries sustained by the victim in case no. F94-041184E, as he was not charged with causing serious bodily injury in that case, and (2) the defendant's possession of a firearm during a robbery of a restaurant, as he pled guilty to a different robbery, during which he possessed a knife. These alleged errors, however, were not properly preserved for appellate review. See Farina, 937 So. 2d at 628-29. In fact, after the trial court made the comments at issue, the trial court asked, "Does anybody challenge the prior criminal history of the Defendant?" In response, defense counsel stated, "No, Judge."

Nevertheless, even if these alleged errors had been properly preserved, a trial court has wide discretion to consider all relevant information when imposing an appropriate sentence for the crime the defendant committed. Charles v. State, 204 So. 3d 63, 67 (Fla. 4th DCA 2016) ("In sentencing within the law's minimum and maximum, the discretion afforded is about as broad as discretion can be for trial judges.") (quoting Whitmore v. State, 27 So. 3d 168, 173 (Fla. 4th DCA 2010) (Farmer, J., dissenting)); Bracero v. State, 10 So. 3d 664, 665 (Fla. 2d DCA 2009).

The conduct which led to the charges brought against the defendant was relevant when considering the appropriate sentence to impose after the defendant violated his probation. See Howard v. State, 820 So. 2d 337, 340 (Fla. 4th DCA 2002) ("While the due process clause does prohibit a court from considering charges of which an accused has been acquitted when passing sentence, it does not preclude the court from considering all relevant factors when imposing a sentence authorized for the crime of which the defendant was convicted.") (footnote omitted).

As for the victim's injuries in case no. F94-041184E, the charging document alleged that the defendant used physical force and violence in the commission of the sexual battery, the original sentencing scoresheet took into consideration the victim's injuries and the arrest affidavit, which lays out in detail the injuries the victim suffered. Similarly, as to the defendant's possession of a firearm during an armed robbery of a restaurant, we note that his arrest for this offense was described in the affidavit of violation of probation that resulted in the defendant's revocation of probation in case no. F94-041184E, and the defendant pled guilty to violating the conditions of his probation. In short, this information was relevant and properly considered by the trial court when it reviewed the defendant's criminal history and considered his repeated violations of probation. We therefore find no error.

**3. Alleged illegal sentence in case no. F94-041184E**

Lastly, the defendant contends that the trial court's imposition of a life sentence for the kidnapping and sexual battery charged in case no. F94-041184E was illegal. This error was neither preserved by a contemporaneous objection during the sentencing hearing nor by raising the issue under Florida Rule of Criminal Procedure 3.800(b), which precludes the defendant from raising the error on direct appeal. Brannon v. State, 850 So. 2d 452, 456 (Fla. 2003). However, even if the error had been preserved, the error would not constitute fundamental error because the defendant is serving a concurrent life sentence for an armed robbery in case no. F00-12212. Jordan v. State, 143 So. 3d 335, 337 (Fla. 2014) ("The concurrent sentence doctrine provides that in the case of multiple concurrent sentences, an appellate court need not address challenges to every conviction where another conviction with a concurrent sentence of equal or greater length has been affirmed on appeal.").

## CONCLUSION

In summary, we find that the defendant has neither properly preserved the trial court's alleged sentencing errors, nor demonstrated fundamental error on appeal. We additionally note that the defendant contends that he was not given credit for time served. However, this issue was not properly preserved for appellate review, and we therefore affirm without prejudice to the defendant to file a rule 3.800 motion with the trial court to address this issue.

Affirmed.