# Third District Court of Appeal

## State of Florida

Opinion filed March 6, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1941
Lower Tribunal No. 15-23155
_____

**Willie Jones,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for appellee.

Before EMAS, C.J., and SCALES and HENDON, JJ.

HENDON, J.

Willie Jones appeals from a final judgment of conviction and sentence on the charges of trafficking in cocaine, possession of marijuana with intent to sell, and possession of drug paraphernalia. Jones argues on appeal that certain of the trial court's comments shifted the burden of proof and prejudiced his defense at trial. None of these comments were objected to at trial. Thus, we will reverse only if the comment was fundamental error, i.e., "error that 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" Brooks v. State, 762 So. 2d 879, 899 (Fla. 2000); see also Jones v. State, 612 So. 2d 1370 (Fla. 1992) (holding that the contemporaneous objection rule applies to such comments and an appellate court will not reverse in the absence of an objection unless the comment is so prejudicial as to be fundamental error); Pope v. Wainwright, 496 So. 2d 798 (Fla. 1986) (concluding that errors other than those constituting fundamental error are waived unless timely raised in the trial court).

After a thorough examination of the record on appeal, we find no fundamental error in the trial court's comments. Indeed, not every act or comment that might be interpreted as demonstrating less than neutrality on the part of the judge will be deemed fundamental error. Mathew v. State, 837 So. 2d 1167 (Fla. 4th DCA 2003). Accordingly, we affirm Jones' convictions.

Finally, Jones asserts that there is a discrepancy between the oral pronouncement of sentence and the written sentencing order. This error was not preserved by a contemporaneous objection during the sentencing hearing or by raising the issue under Florida Rule of Criminal Procedure 3.800(b), which precludes Jones from raising the error on direct appeal.  See Brannon v. State, 850 So. 2d 452, 456 (Fla. 2003); Green v. State, 224 So. 3d 252 (Fla. 3d DCA 2017). As we find that Jones has neither properly preserved the trial court's alleged sentencing error, nor demonstrated fundamental error on appeal, we affirm his sentence without prejudice to Jones to raise this issue in an appropriately filed rule 3.800 motion with the trial court.

Affirmed.