# Third District Court of Appeal

## State of Florida

Opinion filed January 28, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-1824 & 3D23-1646
Lower Tribunal No. F18-14463
_____

**Fabian Anthony Perpall,**
Appellant,

vs.

**State of Florida,**
Appellee.


Appeals from the Circuit Court for Miami-Dade County, Maria Elena Verde, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.


Before FERNANDEZ, LOGUE, and LINDSEY, JJ.

PER CURIAM.

Fabian Anthony Perpall appeals his conviction and sentence following a jury trial. The jury found Perpall guilty of Attempted First Degree Premeditated Murder, Discharging a Firearm from a Vehicle, Fleeing and Eluding-Lights and Sirens, Resisting an Officer without Violence, Assault, and Possession of a Firearm by a Convicted Felon. The trial court denied Perpall's request for a one-day continuance of his trial, from 3:00 p.m. on a Friday afternoon until the following Monday morning. On the record before us, we are compelled to reverse.

Before trial, Perpall subpoenaed Lamont Riley to testify that a man named Darrell Johnson, not Perpall, committed the crimes with which Perpall was charged. On Friday, April 14, 2023, the last day of Perpall's trial, Riley complied with the subpoena and arrived at the courthouse to testify at his deposition, which was being taken that morning at the courthouse before testifying. During that deposition, Riley stated that he wished to testify "[b]ecause its wrong for accusing somebody else of doing something when they ain't do it." Riley was the last witness scheduled to be called at this trial.

After his deposition, but before he was called to testify in Perpall's trial, Riley suddenly fled the courthouse to allegedly attend to his girlfriend who

was in labor.[1]  Counsel for Perpall could not reach Riley, despite making several telephone calls before the court.  At 3:00 p.m. on that Friday afternoon, Perpall requested the court to continue the trial until the following Monday, April 17, 2023, less than one full business day, so that Perpall could procure Riley's presence "given that he was on the seventh floor" and "did appear for deposition" that Friday morning.  But the trial court denied the request and the case proceeded to closing argument.  Later that evening, the jury rendered a verdict finding Perpall guilty as charged.

Perpall moved for a new trial arguing the trial court erred in denying his motion for a continuance.  Riley appeared at this hearing but did not testify.[2] The court denied the motion finding that Perpall did not exercise due diligence in securing Riley's presence at trial because Perpall did not seek to have the court issue a writ of bodily attachment.  Perpall then filed this appeal.[3]

---

[1]  There is no indication in the record before us that the trial court, at any time before or after the trial, conducted an evidentiary hearing to determine the veracity of this allegation or any other reason for why Riley unexpectedly left the courthouse.

[2]  Again, the record is devoid of any effort on the part of the trial court to determine the credibility or veracity of Riley's excuse for his failure to appear when called to testify at trial.

[3] Perpall filed two appeals—one after his conviction and the other after his sentence.  We have consolidated these appeals for this opinion.

3

We review the denial of a motion for continuance under the abuse of discretion standard. See Williams v. State, 209 So. 3d 543, 555 (Fla. 2017). Our Supreme Court has held that a trial court does not abuse its discretion in denying a motion for continuance where the requesting party has unjustifiably caused the delay. See Doorbal v. State, 983 So. 2d 464, 489 (Fla. 2008); Wyatt v. State, 641 So. 2d 1336, 1340 (Fla. 1994). At the same time, the abuse of discretion standard can be met when the court's ruling on the continuance results in undue prejudice to the defendant. See Smith v. State, 170 So. 3d 745, 758 (Fla. 2015); Snelgrove v. State, 107 So. 3d 242, 250 (Fla. 2012).

To reverse a trial court's denial of a motion for continuance of trial, a defendant is required to show: (1) prior due diligence to obtain the witness's presence; (2) that substantially favorable testimony would have been forthcoming; (3) that the witness was available and willing to testify; and (4) that the denial of the continuance caused material prejudice. See Middleton v. State, 220 So. 3d 1152, 1175 (Fla. 2017); Williams v. State, 394 So. 3d 91, 92 (Fla. 3d DCA 2024) (citing Geralds v. State, 674 So. 2d 96, 99 (Fla. 1996)).

Perpall exercised due diligence in securing an essential witness to his defense. Before trial, Perpall subpoenaed Riley to testify. Riley was going

4

to testify that Darrell Johnson, and not Perpall, carried out each of the crimes with which Perpall was charged. Such evidence directly challenging whether Perpall committed any criminal acts is substantially favorable testimony that would have been highly probative at trial. Indeed, introducing evidence that Darrell Johnson, not Perpall, may have committed these crimes is an essential theory to Perpall's defense. Riley's purported testimony could have substantially supported the theory Riley was seeking to advance—that someone other than him committed the crimes with which he was being tried.

Perpall also showed Riley was willing to testify on Perpall's behalf. Riley appeared at the courthouse on the day he was subpoenaed to testify. During his deposition that morning, Riley stated that he wanted to testify because he had a moral objection to Perpall being convicted of Johnson's crimes. Even though Riley did not appear for the actual trial, he showed a willingness to testify because he appeared for his deposition the morning of trial and was present for Perpall's hearing on his Motion for a New Trial. While Riley's decision to not appear for the actual trial does weigh against Perpall's need to show that Riley was willing to testify, Perpall also posited that Riley did not leave the courthouse because he was unwilling to testify; Riley left because he was responding to the unexpected news that his girlfriend was in labor. The trial court never attempted to challenge this

5

allegation even though Riley was available to testify at the hearing on Perpall's Motion for a New Trial on this very issue. Under these circumstances, we cannot say that Riley was unwilling to testify.

Perpall suffered material prejudice when the trial court refused to grant a short continuance for him to seek to procure Riley's presence to testify. Riley's testimony would have gone to the heart of Perpall's defense. Ostolaza v. State, 943 So. 2d 1001, 1003 (Fla. 2d DCA 2006) ("We also conclude that Ostolaza suffered material prejudice when the court refused to grant the continuance. Rivera's testimony went to the heart of the defense.").

The State argues that the trial court correctly found a request for a writ of bodily attachment was necessary to show Perpall exercised due diligence in securing his witness.[4] We disagree. Florida courts have held that trial courts abuse their discretion in denying continuances where defendants merely served, or attempted to serve, subpoenas to witnesses, even when service of the subpoena was conducted at the last minute. See Smith v. State, 873 So. 2d 1289, 1290 (Fla. 1st DCA 2004) ("Appellant has shown that he exercised due diligence in attempting to serve these two witnesses[.]

---

[4] Given that Riley's failure to appear occurred on a Friday afternoon, whether a writ of bodily attachment could have been issued and executed before the following Monday morning is not before us because no writ was issued. So we need not speculate on the answer to that question.

. . ."); <u>Beachum v. State</u>, 547 So. 2d 288, 289 (Fla. 1st DCA 1989) ("We are mindful . . . that appellant had three months prior to trial to locate this witness, yet waited until four days before trial to move for issuance of a subpoena. . . . [H]owever, we find that [the trial court's] failure to grant a continuance on the basis of Williams's absence constituted a palpable abuse of discretion."); <u>Jenkins v. State</u>, 872 So. 2d 388, 389 (Fla. 4th DCA 2004).

Finally, we are unaware of any statute, rule, or binding precedent, requiring a party to seek a writ of bodily attachment to seek a continuance to secure the attendance of a witness for trial. We are not inclined to create new law here. Because the trial court abused its discretion in denying Perpall's request for a continuance of trial for one day. We reverse the conviction and remand for a new trial.

Reversed and Remanded.