766 So.2d 401 (2000)
James BLEVINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3724.
District Court of Appeal of Florida, Second District.
August 11, 2000.
*402 James Marion Moorman, Public Defender, and Brad Permar, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and William I. Munsey, Jr., Assistant Attorney General, Tampa, for Appellee.
BLUE, Acting Chief Judge.
James Blevins appeals from a final judgment following a jury verdict finding him guilty of possession of cocaine. We affirm but conclude his contention that the trial court erred in limiting defense counsel's voir dire merits discussion.
During the defense voir dire, the trial attorney began to frame a hypothetical question to illustrate the difficulty of proving innocence. The hypothetical employed a situation in which someone was home alone with no way to verify that was indeed the case. The prosecutor objected that the use of a hypothetical during voir dire was not allowed, and the trial court sustained the objection.
To the extent hypothetical questions involve the facts of the case they are not allowed. See Renney v. State, 543 So.2d 420 (Fla. 5th DCA 1989). However, it would appear the law is otherwise when the hypothetical does not include the facts of the case, and a question as proposed in this case should be allowed.
What is a meaningful voir dire which will satisfy the constitutional imperative of a fair and impartial jury depends on the issues in the case to be tried. The scope of voir dire therefore "should be so varied and elaborated as the circumstances surrounding the juror under examination in relation to the case on trial would seem to require...." Pinder v. State, 27 Fla. 370, 375, 8 So. 837, 838 (1891). Thus, where a juror's attitude about a particular legal doctrine (in the words of the trial court, "the law") is essential to a determination of whether challenges for cause or peremptory challenges are to be made, it is well settled that the scope of the voir dire properly includes questions about and references to that legal doctrine even if stated in the form of hypothetical questions.

Lavado v. State, 469 So.2d 917, 919-20 (Fla. 3d DCA 1985) (Pearson, J., dissenting) (citations omitted; emphasis added), quashed by 492 So.2d 1322 (Fla.1986) (adopting Judge Pearson's dissent as majority opinion). Based on this, we conclude the trial court erred when sustaining the objection to defense counsel's voir dire.
Though we hold that the trial court erred during the voir dire, we have examined the entire record and determined that the error was harmless beyond a reasonable doubt. Thus, we affirm.
FULMER and SALCINES, JJ., Concur.