THOMPSON, J. .
Percell Anthony Wise appeals his convictions for robbery with a deadly weapon and aggravated flight. We affirm.
Wise argues that the trial court erred by admitting into evidence the statement he made to police that he had smoked crack cocaine on the evening that the charged offenses were committed and that the events of the evening were hazy. An erroneous admission of collateral crimes is presumptively harmful, and is only harmless “if it can be said beyond a reasonable doubt that the verdict could not have been affected by the error.” Miller v. State, 804 So.2d 609 (Fla. 3d DCA 2002) (quoting Czubak v. State, 570 So.2d 925, 928 (Fla.1990)).
Evaluating harmless error requires more than a mere totaling of testimony, and, in most instances, more than a mere reading of a portion of the record in the abstract. It entails an evaluation of the impact of the erroneously admitted evidence in light of the overall strength of the case and the defenses asserted.... It must, in most cases, be evaluated through the examination of the entire trial transcript.
Steward v. State, 619 So.2d 394, 397 (Fla. 1st DCA 1993).
After a review of the record, we conclude that if there was any error in admitting Wise’s statements, the error was harmless. First, the investigating officer testified at trial that the person on the store’s surveillance videotape of the robbery looked the same as Wise. When Wise was arrested, he was without a shirt and wearing knee-length shorts — a description given by the witnesses. Furthermore, although witnesses who were inside the store gave differing descriptions of the robber’s vehicle, the witnesses outside the store testified that the suspect fled in a burgundy-colored van with a temporary tag and a “Phil Bettis” sticker. When Wise was apprehended, he was driving a red van with a temporary tag''and “Phil Bettis” sticker. Furthermore, Wise told the police upon arrest that he was glad it was over, did not- mean to hurt anyone, and usually did not do things like that. Additionally, when asked if he robbed the store, Wise responded, “Well, whatever they said I did, I guess I did it.”
Wise’s convictions are AFFIRMED.
GRIFFIN and MONACO, JJ., concur.