936 So.2d 1140 (2006)
Juan FERREIRO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2213.
District Court of Appeal of Florida, Third District.
August 16, 2006.
*1141 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before RAMIREZ, SUAREZ, and CORTIÑAS, JJ.
SUAREZ, J.
The defendant appeals his convictions for three counts of sexual battery on a minor under twelve. We affirm.
The defendant argues on appeal that the trial court committed reversible error by admitting child hearsay statements at trial and by limiting voir dire. The State submits that the court correctly admitted the child hearsay statements and correctly placed limitations on defense counsel's attempts to pretry the case during jury selection.
The defendant was charged with six counts of sexual battery on a minor under twelve for repeatedly molesting his girlfriend's daughter. The abuse occurred on several occasions while the child was living with her mother and the defendant. The victim spontaneously told her father about the abuse several months after she moved out of her mother's home and began living with her father. The defendant was convicted on three counts of sexual battery on a minor under twelve, and the trial judge imposed three consecutive life sentences.
The trial court did not abuse its discretion by finding three of the child victim's hearsay statements to be admissible. A child victim's hearsay statements are admissible at trial for child sexual abuse if the child testifies or is unavailable. § 90.803(23), Fla. Stat. (2005). However, such statements must meet two reliability requirements: "(1) the source of the information through which the statement was reported must indicate trustworthiness; and (2) the time, content, and circumstances of the statement must reflect that the statement provides sufficient safeguards of reliability." State v. Townsend, 635 So.2d 949, 953 (Fla.1994). The Florida Supreme Court has suggested that courts consider the following factors in determining *1142 the trustworthiness and reliability of a child hearsay statement:
the statement's spontaneity; whether the statement was made at the first available opportunity following the alleged incident; whether the statement was elicited in response to questions from adults; the mental state of the child when the abuse was reported; whether the statement consisted of a child-like description of the act; whether the child used terminology unexpected of a child of similar age; the motive or lack thereof to fabricate the statement; the ability of the child to distinguish between reality and fantasy; the vagueness of the accusations; the possibility of any improper influence on the child by participants involved in a domestic dispute; and contradictions in the accusation.
State v. Townsend, 635 So.2d at 957-58.
A trial court's determination that a statement bears sufficient indicia of reliability under the statute is reviewed for an abuse of discretion. Perez v. State, 536 So.2d 206 (Fla.1988).
Prior to trial, the trial court held an evidentiary hearing regarding the circumstances surrounding the victim's three hearsay statements. Witnesses testified regarding the circumstances surrounding the child's spontaneous statement to her father, and statements made by the child during subsequent interviews with a police detective and with a child abuse investigator. The trial court ruled that each of the statements was reliable, trustworthy, and admissible at trial and entered a detailed written order explaining its findings as to each of the Townsend criteria. The trial court's findings are supported by the record and satisfy the statute. Therefore, the trial court did not abuse its discretion by admitting these statements pursuant to section 90.803(23). See Beber v. State, 887 So.2d 1248 (Fla.2004) (noting that the trial court admitted child hearsay statements after finding the witnesses to be credible, the interviewing methods trustworthy, the child's language consistent with age, that there was no evidence of coaching, and that the circumstances surrounding the interview offered sufficient safeguards of reliability).
Second, the trial court did not abuse its discretion by limiting defense counsel's questioning during jury selection. The purpose of voir dire is to "obtain a fair and impartial jury, whose minds are free of all interest, bias, or prejudice." Pope v. State, 84 Fla. 428, 94 So. 865, 869 (1922). A trial court may exercise its discretion to permit counsel to ask hypothetical questions if they make a "correct reference to the law of the case that aid in determining whether challenges for cause or peremptory are proper . . . ." Pope, 94 So. at 869; see also Pait v. State, 112 So.2d 380 (Fla. 1959). A trial court's limitation on voir dire is reviewed for an abuse of discretion. Pope, 94 So. at 865.
Defense counsel attempted to question potential jurors as to whether "a girl could come to court and lie?" and whether "a girl can come to court and lie about being raped?" and about a "rape charge." The court prohibited references to "a girl" and "rape charge" because they seem to refer to the facts of the case. The trial court did not abuse its discretion by placing these reasonable limitations on voir dire. Counsel's ability to determine the fairness of jurors was not restricted by this limitation. Any error was harmless beyond a reasonable doubt. Blevins v. State, 766 So.2d 401 (Fla. 2d DCA 2000) (holding that reversal was not required where the trial court prevented defense counsel from asking hypothetical questions *1143 to illustrate the difficulty of proving a defendant's innocence).
Affirmed.