PLEUS, C.J.
Robles appeals his eight year sentence for sexual battery. He argues that the trial court erred in adding eighty points for sexual penetration to his sentencing scoresheet, which raised his minimum possible sentence, without a specific jury finding of penetration. He cites Appren- *1211 di[1] and Blakely[2] as support for this argument. However, Apprendi and Blakely only require jury findings for any fact that increases the penalty for a crime “beyond the statutory maximum.” Apprendi, 530 U.S. at 490, 120 S.Ct. 2348. The imposition of sexual penetration points did not affect the statutory maximum sentence of fifteen years. Thus, Apprendi and Blakely did not require a jury finding of penetration. Instead, the trial judge was allowed to make this finding by a preponderance of evidence. See Gilson v. State, 795 So.2d 105, 111 (Fla. 4th DCA 2001). The trial court’s finding of penetration was supported by the undisputed testimony of the victim and Robles. Accordingly, we affirm Robles’ sentence.
AFFIRMED.
THOMPSON and SAWAYA, JJ., concur.

. Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

. Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).