PER CURIAM.
 

 In this direct criminal appeal, appellant claims that the trial court committed fundamental error by instructing the jury that it could convict appellant of lewd or lascivious battery by finding sexual penetration or union when the information alleged only sexual penetration. In
 
 Eaton v. State,
 
 908 So.2d 1164 (Fla. 1st DCA 2005), we held that the trial court committed fundamental error by instructing the jury on the uncharged alternative theory of sexual union because it was impossible to determine from the jury’s general verdict whether the defendant was convicted based on the charged theory of sexual penetration or the uncharged theory of sexual union. However, after carefully reviewing the evidence and arguments presented at trial, we conclude that fundamental error did not occur in this case because the jury did not convict appellant based on the uncharged theory of sexual union.
 
 See State v. Weaver,
 
 957 So.2d 586, 589 (Fla.2007) (holding that the trial court does not commit fundamental error by instructing the jury on an uncharged element on which the state neither relied nor offered any evidence).
 
 Accord Jomolla v. State,
 
 990 So.2d 1234, 1238 (Fla. 3d DCA 2008);
 
 Beasley v. State,
 
 971 So.2d 228, 230 (Fla. 4th DCA 2008);
 
 Abbott v. State,
 
 958 So.2d 1140, 1142 (Fla. 4th DCA 2007). We also affirm, without discussion, the trial court’s denial of appellant’s motion to suppress.
 

 AFFIRMED.
 

 WOLF, WEBSTER, and THOMAS, JJ., concur.