CLARK, J.
Marlon Olivera appeals his convictions and sentence for sexual battery on various grounds, two of which merit discussion. For the reasons explained below, the judgment and sentence are affirmed.
*353 The information charged Appellant with several counts of sexual battery, each specifying the method as penetration with no mention of union. The state presented evidence of penetration and argued only that method of sexual battery. The defense did not dispute the method of sexual battery or offer contrary evidence as to the method, but argued that the jury might find that the acts alleged never occurred or that the victim consented.
At the charging conference, defense counsel agreed to the jury instructions and offered no objection to the standard instruction describing the act of sexual battery as “an act ... in which the sexual organ of the defendant penetrated or had union with” the victim’s vagina. The trial court instructed the jury accordingly, including the alternatives “penetrated or had union with.” The jury’s verdicts of guilty for the sexual battery charges were general verdicts with no indication whether the jury found that Appellant committed the act by penetration or union.
At the sentencing hearing, defense counsel objected to the criminal punishment code scoresheet because it included 80 points for “sex penetration” for each of the three counts in the Victim Injury section. Counsel did not argue that penetration had not been proved or found by the jury, but argued that penetration could not constitute victim “injury” when Appellant was not convicted of the aggravated battery charge. The trial court rejected the objection and sentenced Appellant within the scoresheet range and far below the statutory maximum sentence. Appellant again challenged the scoresheet points in his motion to correct illegal sentence, this time on the grounds that the jury’s general “guilty” verdict did not specify the method of sexual battery and the jury made no separate finding that the sexual batteries were committed by “penetration.” After conducting a hearing on the motion, the trial court denied relief.
Because jury instructions are subject to the contemporaneous objection rule, see Fla. R. Crim. P. 3.390, unpre-served error in a jury instruction may be reviewed on appeal only if fundamental error occurred. Insko v. State, 969 So.2d 992 (Fla.2007); Reed v. State, 837 So.2d 366, 370 (Fla.2002). Fundamental error is defined as error which “goes to the essence of a fair and impartial trial, error so fundamentally unfair as to amount to a denial of due process.” Sparks v. State, 740 So.2d 33, 35 (Fla. 1st DCA 1999). The fundamental error exception to the contemporaneous objection rule occurs “only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.” Joyner v. State, 41 So.3d 306 (Fla. 1st DCA 2010), and cases cited therein.
Appellant contends that the trial court’s use of the standard instruction for sexual battery was fundamental error because the phrase “penetrated or had union with” gave the jury the option of convicting Appellant of sexual battery via “union” when the information charged only sexual penetration. Conviction of the uncharged form of sexual battery could not be ruled out by the jury’s general verdict of guilty.
While Appellant is correct that the opinion in Eaton v. State, 908 So.2d 1164 (Fla. 1st DCA 2005) recognized a per se rule of fundamental error under these circumstances, the rule has been modified by subsequent case law. In State v. Weaver, 957 So.2d 586 (Fla.2007), the Florida Supreme Court held that where a jury instruction erroneously includes “an element of an offense that the State does not argue is present and about which it presents no evidence,” the error “is not pertinent or material to what the jury must consider in *354 order to convict.” State v. Weaver, 957 So.2d at 588, 589 (citations omitted). The Court held that when a jury is instructed alternatively, one alternative is not charged, and the state neither relies on that element nor presents any evidence thereon, the jury’s general verdict may be presumed to rest on “the elements on which the State actually presented evidence, on which the State based its arguments, and which the defendant contested at trial.” State v. Weaver, 957 So.2d at 589. Accordingly, in Weaver, instructing the jury on the two forms of battery— when the charge, evidence, and argument by the State concerned only one method— did not rise to the level of fundamental error.
This contraction of the fundamental error exception was applied to the “penetration or union” instruction for lewd or lascivious battery in Ross v. State, 31 So.3d 858 (Fla. 1st DCA 2010). There, the evidence and argument at trial made it clear to the court that the jury did not convict the appellant based on the uncharged theory of sexual union. Only when there is reason to believe the conviction is for an offense not charged, as when the jury’s verdict specifically convicts the defendant of the uncharged form of the offense, will the fundamental error exception be justified due to a violation of the defendant’s due process rights. Jaimes v. State, 51 So.3d 445 (Fla.2010).
The record in this case shows that sexual battery by “union” was never at issue, either in the charging document, proof offered, or argument of counsel. Accordingly, Appellant has failed to establish that the standard jury instruction resulted in a conviction for an uncharged offense constituting fundamental error in this case. Because the challenge to the jury instruction was not preserved for appeal by a contemporaneous objection, it is not properly before this court.
Considering the criminal punishment code scoresheet, the penetration points assessed are not a statutory sentence enhancement or statutory mandatory minimum sentence. These points did not alter the degree of felony for the sexual batteries charged and of which Appellant was convicted. As was the case in Neira v. State, 847 So.2d 1134, 1136 (Fla. 4th DCA 2003), the points resulted only in “placement in the scoresheet cell which set forth a range of sentence within the maximum sentence allowed for a second degree felony.” Accordingly, the trial judge was allowed to find “penetration” by a preponderance of the evidence presented at trial and no specific jury finding of penetration was required. Robles v. State, 952 So.2d 1210 (Fla. 5th DCA 2007). In the instant case, the evidence of penetration was un-controverted. Accordingly, the court’s assessment of penetration points was not erroneous.
AFFIRMED.
VAN NORTWICK and LEWIS, JJ., concur.