IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BRYAN GRIGG,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1368

Opinion filed November 15, 2017.

An appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Francis Jerome Shea of Francis Jerome Shea, P.A., Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

OSTERHAUS, J.

      Bryan Grigg appeals his armed burglary conviction and sentence and argues that the trial judge committed fundamental error during voir dire by previewing "hypothetical" facts to the venire that closely matched the evidence in Mr. Grigg's own case and then communicating the judge's view that defendants in Mr. Grigg's

situation should not go free. We agree with Mr. Grigg's argument and reverse and remand for a new trial.

## I.

During jury selection in Mr. Grigg's trial below, the state prosecutor asked prospective jurors if any of them would have a problem reaching a verdict in a case where no physical evidence was presented. Three prospective jurors indicated that they couldn't convict a defendant in the absence of physical evidence, whereupon the trial court began asking its own questions. The trial judge asked the potential jurors how they would decide two "hypothetical" cases using facts that were almost identical to the evidence in Mr. Grigg's case. The trial judge asked them to assess the hypothetical cases as though they themselves were victims of the crimes and told them his view that the defendants in his hypotheticals should not go free.

A jury was ultimately selected without objection, not including the three prospective jurors who said they couldn't convict in a case lacking physical evidence. And then, on the heels of dismissing the unselected members of the venire, the trial judge reiterated that it was incorrect to think that the State couldn't bring a case in the absence of physical evidence; that it wasn't unusual for there to be no physical evidence in a criminal case; and that no physical evidence doesn't mean there wasn't a crime.

The State's armed burglary case proceeded against Mr. Grigg and the evidence against him was very similar to what the trial court had described "hypothetically" at jury selection. The jury found him guilty. And now, Mr. Grigg seeks a new trial on due process-related grounds, because of the trial court's comments during voir dire.

## II.

Because Mr. Grigg did not object to the trial judge's comments that he is now challenging, we review the court's actions for fundamental error. "Fundamental error is defined as error which 'goes to the essence of a fair and impartial trial, error so fundamentally unfair as to amount to a denial of due process.'" *Olivera v. State*, 58 So. 3d 352, 353 (Fla. 1st DCA 2011) (quoting *Sparks v. State*, 740 So. 2d 33, 35 (Fla. 1st DCA 1999)). "[A] fundamental tenet of due process is a fair and impartial tribunal." *Sparks*, 740 So. 2d at 36.

This case involves statements made at voir dire. "The purpose of voir dire is to 'obtain a fair and impartial jury, whose minds are free of all interest, bias, or prejudice.'" *Hoskins v. State*, 965 So. 2d 1, 13 (Fla. 2007) (quoting *Ferreiro v. State*, 936 So. 2d 1140, 1142 (Fla. 3d DCA 2006)). The purpose is *not* "to obtain a preview of [potential juror's] opinions of the evidence." *Id.* A trial judge's improper participation in voir dire can render a trial unfair and result in fundamental error. *Morgan v. State*, 198 So. 3d 812, 816 (Fla. 2d DCA 2016). Trial judges must be

3

especially mindful of their statements because of "the high position which a judge holds in the scheme of the trial magnifies, in the minds of the jurors, the meaning of comments by the judge." *Jacques v. State*, 883 So. 2d 902, 906 (Fla. 4th DCA 2004) (quoting *Kellum v. State*, 104 So. 2d 99, 104 (Fla. 3d DCA 1958)). Judges must "never assume the role of prosecuting attorney and lend the weight of his great influence to the side of the government." *Sparks*, 740 So. 2d at 37 (quoting *J.F. v. State*, 718 So. 2d 251 (Fla. 4th DCA 1998)). Nor should judges "sum up the evidence or comment to the jury upon the weight of the evidence, the credibility of the witnesses, or the guilt of the accused." § 90.106, Fla. Stat. (2016).

When three prospective jurors at voir dire in this case indicated that they couldn't convict a defendant in the absence of physical evidence, the trial court proceeded to question the prospective jurors himself as follows:

> THE COURT: Well, now, let me just ask the jurors this. If, hypothetically, someone comes into your house with a gun, he steals your watch and leaves, prior to their arrest they throw the gun somewhere in the St. Mary's River and it's unrecoverable and you come to court and you clearly identify the perpetrator as the person who stole your watch, which has also unrecovered, then it's your position that that person should be found not guilty? . . .
>
> THE COURT: So you would be comfortable --
>
> [PROSPECTIVE JUROR]: I would --
>
> THE COURT: -- if a burglar came into your house not only with a gun, but shot the gun, took your belongings, your belongings were never recovered, the gun was never recovered --

4

[PROSPECTIVE JUROR]: In my view --

THE COURT: -- you -- don't interrupt me. You identify him 100 percent, but you believe, as the victim, that that defendant should go free?

In this colloquy the trial judge presented two hypothetical crimes to the venire to make the point that armed burglary defendants should not "go free" where witness testimony identifies the burglar, but there is a lack of physical evidence. These hypotheticals and statements from the trial judge presented a larger fairness problem for Mr. Grigg's case, however, because they mirrored the State's evidence against him. Just like the hypotheticals, the primary evidence presented in Mr. Grigg's trial was testimony from the victim and accomplices, who said that he came into the house, pointed a gun at the victim, shot the gun into the ground, and stole the victim's wallet. The State recovered neither the wallet nor the gun, and so its case hinged on the testimony of witnesses who identified Mr. Grigg as the perpetrator.

At least two fairness problems arise from the trial court's participation at voir dire. First, by reciting and commenting upon hypotheticals that mirrored Mr. Grigg's case, the trial court openly communicated its disapproval of jurors who would find the defendant not guilty and permit him to "go free." By stating his views of the optimal result, the trial judge lent his position's weight and influence to the prosecution and jeopardized the jury's ability to impartially hear and decide the case. *Cf. Dicks v. State*, 83 Fla. 717, 719 (1922) (noting that "it is not proper to propound

5

hypothetical questions purporting to embody testimony that is intended to be submitted, covering all or any aspects of the case, for the purpose of ascertaining from the juror how he will vote on such a state of the testimony"); *Franqui v. State*, 699 So. 2d 1312, 1322 n.5 (Fla. 1997) (finding it improper to "have jurors indicate, in advance, what their decision will be under a certain state of evidence or upon a certain state of facts").

Another problem with the trial court's colloquy is its "golden rule" argument characteristics. "'Golden rule' arguments . . . invite the jurors to place themselves in the victim's position during the crime and imagine the victim's suffering." *Mosley v. State*, 46 So. 3d 510, 520 (Fla. 2009). The Florida Supreme Court has "repeatedly held that 'golden rule' arguments are improper." *Id.* The trial court in this case couched its questions to the prospective jurors in golden-rule like terms:

- "If, hypothetically, someone comes into *your* house with a gun, he steals *your* watch and leaves, . . .";

- "[I]f a burglar came into *your* house not only with a gun, but shot the gun, took *your* belongings, *your* belongings were never recovered, the gun was never recovered";

- "*You* identify him 100 percent, but *you believe, as the victim*, that that defendant should go free?" and

- "But if *you* have a jury o[f] people like you they would find him not guilty."

The Second District recently reversed a conviction partly because of "golden rule" problems with a judge's statement at voir dire "that any judge would have prohibited

a lawyer from making." *Morgan*, 198 So. 3d at 816. Here, too, the colloquy's invitation at voir dire for prospective jurors to view the evidence as victims of a very similar burglary crime undermined the trial's fairness from the very start.

The trial judge compounded its errors one final time before the venire when, in the course of dismissing panel members who were not selected to serve on the jury, he chastised those who said they couldn't convict without physical evidence. The judge asked them again to "contemplate" whether the State could not bring a case without physical evidence. He stated that a lack of physical evidence "doesn't mean there wasn't a crime. It doesn't mean that evidence cannot be produced through testimony that would prove beyond every reasonable doubt that a crime was committed and a person has been identified who committed the crime." These comments reinforced a prosecution-friendly view of Mr. Grigg's case.

Because Mr. Grigg failed to object to the trial judge's comments, we recognize that he must show these errors at voir dire to be *fundamental*. "The fundamental error exception to the contemporaneous objection rule occurs 'only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.'" *Olivera*, 58 So. 3d at 353 (quoting *Joyner v. State*, 41 So. 3d 306, 306 (Fla. 1st DCA 2010)). Here, we conclude that the trial judge's errors, taken cumulatively, require relief because Mr. Grigg's trial was rendered "fundamentally unfair as to amount to a denial of due process.'" *Id.* Mr. Grigg had

7

the right to a fair and impartial jury. *Hoskins*, 965 So. 2d at 13. And the manner in which the trial judge previewed the evidence and expressed his opinion to the prospective jurors that defendants in Mr. Grigg's position should not go free "[struck] at the fundamental legality of the trial itself." *Hamilton v. State*, 88 So. 2d 606, 608 (Fla. 1956).

### III.

For these reasons, we REVERSE the judgment and sentence, and REMAND for a new trial.

JAY and WINSOR, JJ., CONCUR.