# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D18-501

_____

JEFFREY ALLEN WEDDINGTON, II,

     Appellant,

     v.

STATE OF FLORIDA,

     Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

April 9, 2019

WETHERELL, J.

Appellant was convicted of sexual battery, battery, and false imprisonment and sentenced to 25 years in prison followed by 10 years of sex offender probation. Appellant raises two issues on appeal: (1) whether comments made by the trial judge after the jury was selected amount to fundamental error, and (2) whether Appellant's dual convictions for battery and sexual battery are barred by double jeopardy. We affirm the second issue without discussion, and we affirm the first issue for the reasons that follow.

## Facts

Appellant was charged with sexual battery, battery, and false imprisonment for an incident during which he beat his girlfriend

and forced her to perform oral sex on him. The incident lasted for 2½ to 3 hours and took place in multiple locations in the mobile home that Appellant and the victim shared.

During jury selection, the prosecutor asked the prospective jurors whether any of them would require more than witness testimony in order to convict Appellant. "[A] lot of people" answered yes to this question, and over defense counsel's objection, the trial judge struck five[1] of the prospective jurors for cause because their affirmative responses to the prosecutor's question showed that they would not be able to follow the law.[2]

After the jury was selected, the trial judge made the following comments:

> Our jury system only works if it is supported and honored by our citizens. For those of you who came in this morning, some of whom I believe had a determination not to serve, shame on you. Other than taking our money for taxes, the government does not require much of us. We don't even require military service anymore. We don't even require you to vote. But, as I mentioned to you on Friday, service on a jury is both a civic and patriotic obligation which all good citizens should perform, so I'm always puzzled by prospective jurors who quickly announce, I can't do the job, I can't be fair and impartial. I'm troubled by prospective jurors who announce the defendant is guilty. You've heard no evidence whatsoever, so the mere fact that the State charges someone with a crime and seats him at the defense table is enough for you to declare he's guilty without a trial, the State has to prove absolutely nothing.

---

[1] The judge rejected the prosecutor's for-cause challenge to a sixth prospective juror who was "in the same category."

[2] This ruling was not challenged on appeal.

I don't believe any of us think that we will be seated at the defendant's chair, but you should stop and reflect on what you would want to happen should you be seated there. Would you want citizens who believe in this system who are required to uphold the law to sit in judgment on you?

And for those of you who demand more than what the State requires, that is that testimony of a witness is insufficient to convict someone, imagine yourself alone with me in this courtroom and I walk over and pick up my gavel, which is a hefty little thing, and I knock you on the head. I'm innocent, because your only case is your own testimony, and for many, many, many of you who responded today, that is insufficient for the State to bring its case against the defendant.

If you're not seated to my right, you are excused from your jury summons. I appreciate you coming down Friday for jury qualifications. You are excused today, but I would encourage you to stop and think a moment about what our form of government means, what your obligations are to support it, and how you responded today. Thank you. You are excused.

Although these comments were directed to the prospective jurors who were being excused, they were made in the presence of the jurors who had been selected to serve on the jury. Defense counsel did not object to the comments, nor did counsel object to the jury before it was sworn.

The case proceeded to trial at which the jury found Appellant guilty as charged. The trial judge adjudicated Appellant guilty and imposed his sentence. This appeal followed.

## Analysis

Because Appellant did not object to the comments made by the trial judge at the conclusion of jury selection, we review the comments for fundamental error. *Grigg v. State*, 230 So. 3d 943, 945 (Fla. 1st DCA 2017). Fundamental error is error which goes

to the essence of a fair and impartial trial and is so fundamentally unfair as to amount to a denial of due process. *Id.* A trial judge's improper participation in jury selection can render a trial unfair and result in fundamental error. *Id.*

Appellant argues that this case is "virtually indistinguishable" from *Grigg* in which we held that comments made by the trial judge during jury selection amounted to fundamental error. We disagree because although the same trial judge was involved in both cases, the judge's comments in this case are materially different from those in *Grigg*.

In *Grigg*, after several prospective jurors indicated that they could not convict the defendant without physical evidence, the trial judge asked the venire to consider a hypothetical set of facts that mirrored the facts of the defendant's case. *Id.* The judge told the prospective jurors to consider the circumstances as though they were victims of the crimes, and the judge's comments made clear his view that the defendant in his hypothetical should not go free. *Id.* at 946. Then, before dismissing the unselected members of the venire, the judge reiterated that it was incorrect to think that the state could not bring a case without physical evidence because the absence of physical evidence did not prove that no crime had been committed. *Id.* at 947.

On appeal, we identified two "fairness problems" arising from the trial judge's comments: (1) by stating his views on how the hypothetical case that mirrored the defendant's case should be decided, the judge lent his position's weight and influence to the prosecution and jeopardized the jury's ability to impartially hear and decide the defendant's case; and (2) the judge's hypothetical was essentially an improper "golden rule" argument that invited the jurors to place themselves in the victim's position during the crime and imagine the victim's suffering. *Id.* at 946. Additionally, we noted that the judge's chastising comments before dismissing unselected members of the venire compounded these problems by reinforcing a prosecution-friendly view of the defendant's case. *Id.* at 947.

Those "fairness problems" are not present in this case. First, the trial judge's gavel hypothetical in this case bears no

4

resemblance to the sexual battery and battery charges against Appellant, and the judge's comments about the hypothetical did not express his view on the weight of the evidence, the credibility of a witness, or the guilt of Appellant. Second, the judge did not express a prosecution-friendly view of the Appellant's case and his comments simply emphasized the importance of jury service and the rule of law, including the presumption of innocence and the state's burden of proof. Accordingly, under these circumstances, the trial judge's comments do not amount to fundamental error.

That said, if the trial judge felt compelled to deliver a message about the importance of jury service and the rule of law to the excused prospective jurors, the better practice would have been for the trial judge to deliver this message outside of the presence of the selected jurors. The message was intended for the excused prospective jurors, not the selected jurors who would soon be performing their civic duty by serving on Appellant's jury. Additionally, there was no need to lecture the selected jurors about the importance of the presumption of innocence and the burden of proof because they would be instructed on those issues at trial.

## Conclusion

For the reasons stated above, we affirm Appellant's convictions and his resulting sentences.

AFFIRMED.

LEWIS and WINOKUR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and M. J. Lord, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Steven E. Woods, Assistant Attorney General, Tallahassee, for Appellee.