# Third District Court of Appeal

## State of Florida

Opinion filed February 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1610
Lower Tribunal No. F18-767
_____

**Vladimir Jean Moise,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before MILLER, GORDO, and BOKOR, JJ.

PER CURIAM.

Affirmed. See Johnson v. State, 903 So. 2d 888, 897 (Fla. 2005) ("A venire member's expression of an opinion before the entire panel is not normally considered sufficient to taint the remainder of the panel."); Warren v. State, 307 So. 3d 871, 872 (Fla. 3d DCA 2020) (holding remarks that "carry the potential for confusion," yet not "'so prejudicial as to vitiate the entire trial,'" do not constitute fundamental error) (quoting Rutherford v. Moore, 774 So. 2d 637, 646 (Fla. 2000)); Weddington v. State, 270 So. 3d 468, 470 (Fla. 1st DCA 2019) (finding no fundamental error where "the trial judge's . . . hypothetical . . . [bore] no resemblance to the sexual battery and battery charges against [a]ppellant, and the judge's comments about the hypothetical did not express his view on the weight of the evidence, the credibility of a witness, or the guilt of [a]ppellant"); Cheatham v. State, 346 So. 2d 1218, 1218–19 (Fla. 3d DCA 1977) ("The general rule is that the granting or denial of a motion for continuance is within the discretion of the trial court, and the court's action with respect thereto will be reversed only upon a showing of a palpable abuse of discretion."); Jones v. State, 125 So. 3d 917, 919 (Fla. 4th DCA 2013) (affirming denial of motion for continuance where "[n]o attempt was made to indicate or proffer the nature of the anticipated testimony of any of the three defense witnesses").