# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-2015
Lower Tribunal No. F20-6707
_____

**Bobby Lee Whipple, Jr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Laura Anne Stuzin, Judge.

Carlos J. Martinez, Public Defender, and Amy Weber, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before SCALES, C.J., and LOBREE and GOODEN, JJ.

PER CURIAM.

Bobby Lee Whipple, Jr. appeals his convictions and sentences for second degree murder and possession of a firearm by a convicted felon. Whipple argues that the trial court abused its discretion[1] by: (i) declining to give his proffered special jury instruction on citizen's arrest; (ii) not permitting Whipple to testify that he fled the scene after shooting the victim because Whipple had been shot by the police twenty-three years earlier; and (iii) admitting into evidence the surveillance videos that recorded the shooting. Finding no abuse of discretion, we affirm Whipple's convictions and sentences. See Stephens v. State, 787 So. 2d 747, 756 (Fla. 2001) ("In order to be entitled to a special jury instruction, [the defendant] must prove: (1) the special instruction was supported by the evidence; (2) the standard instruction did not adequately cover the theory of defense; and (3) the special instruction was a correct statement of the law and not misleading or confusing.") (footnotes omitted); Jomolla v. State, 990 So. 2d 1234, 1238

---

[1] See Worley v. State, 848 So. 2d 491, 491 (Fla. 5th DCA 2003) ("The giving or withholding by a trial court of a requested jury instruction is reviewed under an abuse of discretion standard of review."); LaMarr v. Lang, 796 So. 2d 1208, 1209 (Fla. 5th DCA 2001) ("A trial court has wide discretion in determining the admissibility of evidence, and, absent an abuse of discretion, the trial court's ruling on evidentiary matters will not be overturned."); State v. Torres, 304 So. 3d 781, 782 (Fla. 4th DCA 2020) ("The standard of review for a trial court's determination regarding authentication of evidence is abuse of discretion.").

(Fla. 3d DCA 2008) ("[F]or evidence to be admissible, it must be relevant. However, when the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice, it is inadmissible. 'Where a trial court has weighed probative value against prejudicial impact . . . an appellate court will not overturn that decision absent a clear abuse of discretion.'" (citations omitted) (quoting Sims v. Brown, 574 So. 2d 131, 133 (Fla. 1991))); R.V. v. State, 388 So. 3d 952, 955 (Fla. 3d DCA 2024) ("Under the 'silent witness' method, a photograph may be admitted upon a showing of the reliability of the production process. . . . [T]he silent witness theory is equally applicable to video evidence.").

Affirmed.