# Third District Court of Appeal

## State of Florida

Opinion filed March 18, 2026.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D24-2163
Lower Tribunal No. F21-11614B

————————————

**Raul L. Zapata**,
Appellant,

vs.

**State of Florida**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender and Manuel Alvarez, Assistant Public Defender, for appellant.

James Uthmeier, Attorney General and Liz Feliz, Assistant Attorney General, for appellee.

Before LOGUE, MILLER and GOODEN, JJ.

LOGUE, J.

Raul L. Zapata appeals a final judgment of conviction and sentence, following a jury trial, for lewd and lascivious conduct on a child under sixteen. The narrow issue on appeal is whether the trial court improperly restricted Zapata's questioning of potential jurors during voir dire. Zapata claims the trial court improperly limited his questioning of potential jurors on their ability to fairly consider his defense. Finding no abuse of discretion, we affirm.

## Background

Zapata's conviction stems from two incidents reported by a minor, J.E., who alleges Zapata, her mother's boyfriend, sexually abused her. The State charged Zapata, by way of amended information, with two counts of lewd and lascivious molestation on a child under sixteen by a defendant eighteen or over in violation of section 800.04(6)(B), Florida Statutes. Zapata's defense was that J.E. fabricated the sexual abuse claim in order to have custody removed from her mother.

During voir dire, the State questioned the prospective jurors as to whether they could neutrally evaluate testimony coming from minors. Specifically, counsel inquired, "Does anyone . . . think that they would automatically believe or automatically disbelieve testimony coming from a minor witness because they're a minor?" Defense counsel, in turn, questioned prospective jurors, separately and collectively, regarding their

2

thoughts on whether a child witness could lie and whether the jurors would need a motive to believe a child lied. Along these same lines, defense counsel questioned potential jurors as to how they would evaluate a witness' credibility. This line of questioning by defense counsel spanned over thirty-five pages of the trial transcripts.

At the conclusion of voir dire, defense counsel asked, "Now, are you all open to the idea that a child could be making up these serious allegations as a way to control who has custody over them?" The State objected on grounds of pre-trying the case. The objection was sustained. Thereafter, defense counsel raised the preclusion of her last two questions, mainly, the question on appeal regarding custody as a motive for a child to lie. In response, and on the record, the trial court noted that not only did defense counsel have over an hour to ask questions, without being cut off as to time, but they were also allowed to ask, "variations on questions that [they] asked over and over and over again."

Zapata was ultimately found guilty on one count of lewd and lascivious conduct on a child under sixteen by a defendant eighteen or over. This appeal followed.

## Analysis

We review the trial court's decision to limit questions during voir dire for abuse of discretion. Hoskins v. State, 965 So. 2d 1, 13 (Fla. 2007); see also Jones v. State, 216 So. 3d 742, 743 (Fla. 4th DCA 2017). The purpose of voir dire is to "obtain a fair and impartial jury, whose minds are free of all interest, bias, or prejudice." Pope v. State, 94 So. 865, 869 (Fla. 1922). "[T]he judge 'must allow counsel the opportunity to ascertain latent or concealed prejudgments by prospective jurors.'" Hillsman v. State, 159 So. 3d 415, 419 (Fla. 4th DCA 2015) (quoting Campbell v. State, 812 So. 2d 540, 542 (Fla. 4th DCA 2002)). Ultimately, the scope of voir dire questioning rests in the sound discretion of the trial court, and we will not disturb the trial court's ruling unless the court clearly abused its discretion. Walker v. State, 724 So. 2d 1232, 1233 (Fla. 4th DCA 1999).

Here, defense counsel repeatedly questioned the prospective jurors on their willingness to accept the basis of its defense—whether a child could lie.

> [DEFENSE COUNSEL]: Would anyone require the Defense to present a motive for the child to lie?
>
> . . . .
>
> [DEFENSE COUNSEL]: . . .Does anyone else need the Defense to present a motive for the child to lie?
>
> . . . .

4

[DEFENSE COUNSEL]: So, would you require the Defense to provide a motive for the child to lie? So a reason for the child to lie.

. . . .

[DEFENSE COUNSEL]: . . . So, Juror . . . I know you said earlier with the State that you would assume a child is telling the truth until they prove that they aren't. Do you still agree with that?

. . . .

[DEFENSE COUNSEL]: . . . So, [children] don't even have to have a reason sometimes?

PROSPECTIVE JUROR PIERRE: No.

[DEFENSE COUNSEL]: All right. Does everyone agree with that, that a child can lie?

(The Venire responds.)

. . . .

[DEFENSE COUNSEL]: Now, I think we all agree that a child can lie, but could a child lie about something this serious? Does everyone agree with that?

(The Venire responds.)

[DEFENSE COUNSEL]: Is there anyone that thinks a child could not lie about something this serious? What about you, Juror…. Do you think it's possible for a child to lie about something this serious?

Based on this record, the defense sufficiently questioned prospective jurors to discern whether they could fairly, and impartially, consider the defense theory of a child lying. Importantly, the State likewise questioned the panel along these same lines.

5

Our opinion in Ferreiro v. State, 936 So. 2d 1140 (Fla. 3d DCA 2006), is instructive on these issues. Ferreiro involved a sexual assault. There, defense counsel "attempted to question potential jurors as to whether 'a girl could come to court and lie?' and whether 'a girl can come to court and lie about being raped?' and about a 'rape charge.'" Id. at 1142. The trial court prohibited references to "a girl" and "rape charge" because they appeared to refer to the facts of the case. Id. On appeal, this Court found no abuse of discretion because "[c]ounsel's ability to determine the fairness of jurors was not restricted by this limitation" and "[a]ny error was harmless beyond a reasonable doubt." Id. at 1142-43 (citing Blevins v. State, 766 So. 2d 401 (Fla. 2d DCA 2000) for the proposition that "reversal was not required where the trial court prevented defense counsel from asking hypothetical questions to illustrate the difficulty of proving a defendant's innocence").

Again, the record in this case reflects that defense counsel had ample opportunities to inquire whether the prospective jurors would need a motive to accept the theory of a child lying. The specific question under review, in essence, restates prior questions and derivative forms thereof. In other words, the question (whether a prospective juror could believe a child could lie) had already been asked, in some form, both collectively and individually.

The additional details sought by defense counsel regarding a potential/hypothetical incentive to lie for purposes of custody were included, in the general sense, in the multiple instances of questioning on this issue. See Ferreiro, 936 So. 2d at 1142-43. For these reasons, we affirm.

Affirmed.